UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00814-GNS

JEFFERY WOODCOX                                                              PLAINTIFF

v.

UNITED STATES OF AMERICA; and
COUNCIL ON OCCUPATIONAL EDUCATION                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 13, 26).  The

motions have been fully briefed and are ripe for adjudication.  For the reasons outlined below,

the motions are **GRANTED**.

## I.      STATEMENT OF FACTS AND CLAIMS

This is a Federal Tort Claims Act ("FTCA") action in which Plaintiff Jeffery Woodcox

("Plaintiff") makes claims for abuse of process and malicious prosecution against Defendants,

the United States and the Council on Occupational Education ("COE") (collectively

"Defendants"), as well as a negligence claim against the United States.  (Am. Compl. ¶¶ 39-68,

DN 5).  Plaintiff was an officer, member of the board of directors, shareholder, surety on a bond,

and guarantor of Decker College, Inc. ("Decker"), a private, two-year career institution which

filed for bankruptcy following a Program Review by the United States Department of Education

("ED").  (Compl. ¶ 11, DN 1; Am. Compl. ¶¶ 1-2, 33).  Plaintiff alleges that the ED's Program

Review, which ultimately disqualified Decker for federal student aid funding resulting in its

bankruptcy, relied on fabricated evidence coerced from the COE "with the specific intent of harming Decker's shareholders and principals." (Am. Compl. ¶ 1).

## II.  STANDARD OF REVIEW

The standards for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) differ in the Sixth Circuit. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should generally be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, the plaintiff bears the burden to survive Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See id.*

Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in their complaint and require the court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id.* In such motions, the district court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A plaintiff bears the burden in both of these situations. *See Bell*, 327 U.S. at 682.

Sovereign immunity may serve as a basis for a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction. *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). "'[W]hile the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power,' the defense 'is not coextensive with the limitations on judicial power in Article III.'" *Nair v. Oakland Cty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) (quoting *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998)). "[U]nlike subject-

matter jurisdiction, 'the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity.'" *Id.* (citation omitted).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). When a plaintiff is proceeding *pro se*, the Court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Even *pro se* complaints, however, must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law

supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## III.  **DISCUSSION**

### A.  **COE's Motion to Dismiss**

COE seeks dismissal of Plaintiff's claims against it, and mounts four arguments to that effect.  (Def. COE's Mot. Dismiss 1-2, DN 13; Def. COE's Mem. Supp. Mot. Dismiss 1-9, DN 13-1 [hereinafter Def. COE's Mem.]).  Each argument is addressed in turn.

#### 1.  *Standing & Release of Claims by Bankruptcy Trustee*

COE asserts that Plaintiff lacks standing for his claims, because as a shareholder, his claims are derivative of the injuries suffered by Decker, and he therefore "lacks standing to assert them in his own name." (Def. COE's Mem. 2-4).  COE further argues that, even if Plaintiff had standing for his claims, his suit should nonetheless be dismissed because his derivative claims were released by the Settlement Agreement and Release executed between COE and Decker in the bankruptcy proceedings.  (Def. COE's Mem. 4-6).  Plaintiff appears to assert that his standing to sue COE arises because "COE is a quasi-government agency" against which Plaintiff can bring suit under the FTCA.  (Pl.'s Resp. Def. COE's Mot. Dismiss 4, DN 29 [hereinafter Pl.'s Resp. Def. COE]).  COE responds that Plaintiff's claims against it are not properly grounded in the FTCA, given that it grants consent for the United States government be sued, and does not apply to COE.  (Def.'s Reply Supp. Mot. Dismiss 3, DN 31 [hereinafter Def. COE's Reply] (citing *Fulcher v. United States*, 88 F. Supp. 3d 763, 770 (W.D. Ky. 2015))).  Plaintiff did not address COE's argument regarding his claims being derivative of claims of Decker, or COE's argument regarding release by the bankruptcy trustee.

In order to satisfy Article III's standing requirement, "a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (internal quotation marks omitted) (citation omitted). "[A]n action to redress injuries to a corporation . . . cannot be maintained by a stockholder in his own name . . . ." *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 603 (6th Cir. 1988) (internal quotation marks omitted) (citations omitted); *see also Cherry v. FCC*, 641 F.3d 494, 495 (2d Cir. 2011) (holding that the plaintiff, the shareholder of a company, lacked standing to challenge the FCC's approval of radio license assignments because the alleged injuries were not caused by the assignments, but instead the plaintiff's injuries were traced to the company's default on its loan obligations); *Heart of Am. Grain Inspection Serv., Inc. v. Mo. Dep't of Agric.*, 123 F.3d 1098, 1102 (8th Cir. 1997). The rule applies even to a corporation's sole shareholder. *See Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel*, 20 F.3d 1311, 1317 (4th Cir. 1994). Likewise, guarantors to corporate liability lack standing because their liability is derivative and will not constitute an injury in fact. *See, e.g.*, *Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chicago*, 877 F.2d 1333, 1335-37 (7th Cir. 1989).

Here, Plaintiff was an officer, member of the board of directors, shareholder, surety on a bond, and guarantor of Decker. (Am. Compl. ¶ 2). The Court agrees with COE that none of these confer standing upon Plaintiff, as his claims are merely derivative of injuries suffered by Decker. Plaintiff's claims against COE will therefore be dismissed.

## 2. *Plaintiff's Abuse of Process Claim*

In the alternative, COE argues that Plaintiff's abuse of process claim fails on both procedural and substantive grounds. (Def. COE's Mem. 6).

### a.    Statute of Limitations

COE avers that Plaintiff's abuse of process claim is time-barred by Kentucky's one-year statute of limitations on such claims.  (Def. COE's Mem. 6-7).  Plaintiff's Response did not address this argument.

Pursuant to KRS 413.140(1)(a), Kentucky has a one-year statute of limitations on abuse of process claims.  *Maqablh v. Heinz*, No. 3:16-CV-289-JHM, 2016 WL 7192124, at *8 (W.D. Ky. Dec. 12, 2016).  Such claims are "generally held to accrue . . . from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued."  *Dickerson v. City of Hickman*, No. 5:08-CV-P53-R, 2010 WL 816684, at *5 (W.D. Ky. Mar. 4, 2010).

As COE notes, Plaintiff's basis for his claim against COE is a letter COE sent to ED in August 2005 as part of a program review of Decker.  (Am. Compl. ¶¶ 51, 53, 55; Am. Compl. Ex. 7, at 2, DN 5-7).  Plaintiff instituted the present lawsuit on December 20, 2016.  (Compl. 1, DN 1).  Plaintiff has not argued any reason the statute of limitations was tolled.  The Court therefore agrees that, even if Plaintiff has standing to pursue his abuse of process claim against COE, that claim is time-barred.

### b.    Failure to State a Claim

COE also contends that Plaintiff failed to establish the elements of an abuse of process claim under Kentucky law.  (Def. COE's Mem. 7-9).  Plaintiff did not substantively respond to this position, merely stating that "[t]he Complaint more than adequately pleads an abuse of process claim."  (Pl.'s Resp. Def. COE 3).

A defendant is liable for abuse of process where he or she used "a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not

designed . . . ." *Sprint Commc'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 113 (Ky. 2010) (citing Restatement (Second) of Torts § 682 (1977)).  Under Kentucky law, there are two essential elements of the claim:

> (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding.  Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process is required and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion even though with bad intentions.

*Simpson v. Laytart*, 962 S.W.2d 392, 394-95 (Ky. 1998) (internal citations omitted) (citation omitted).  Stated another way, there is a "difference between the proper use of process, though ill-motivated, and an abuse of process." *Cherry v. Howie*, 191 F. Supp. 3d 707, 716 (W.D. Ky. 2016).

Plaintiff's abuse of process claim alleges that "ED . . . and COE wrongfully employed the Program Review to destroy Decker and attack the value of shareholders in Decker . . . ." (Am. Compl. ¶ 53).  The Court concurs with COE's position that, "as the Program Review is a process initiated by the Department of Education[,]"[1] Plaintiff's abuse of process claim will not lie against COE.  (Def. COE's Mem. 8 (citing *Garland v. Brewer*, No. 3:11-25-DCR, 2012 WL 1068737 (E.D. Ky. Mar. 29, 2012) (dismissing plaintiff's claim for abuse of process where defendant had not instituted any judicial proceedings against plaintiff))).

### 3. *Plaintiff's Malicious Prosecution Claim*

COE finally argues that Plaintiff has failed to adequately plead a claim for malicious prosecution.  (Def. COE's Mem. 9).  Again, Plaintiff has not substantively responded to this position, but simply included that he "believes he [h]as more than adequate[ly] alleged the claim of Malicious Prosecution."  (Pl.'s Resp. Def. COE 3-4).

---

[1] The Complaint itself includes the statement that "ED instituted a program review of Decker College . . . ."  (Am. Compl. ¶ 60).

In Kentucky, a malicious prosecution action is established by showing five elements:

1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;

2) the defendant acted without probable cause;

3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;

4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and

5) the plaintiff suffered damages as a result of the proceeding.

*Martin v. O'Daniel*, 507 S.W.3d 1, 11-12 (Ky. 2016), *as corrected* (Sept. 22, 2016), *reh'g denied* (Feb. 16, 2017) (citation omitted).  Generally, actions for malicious prosecution are disfavored, as public policy favors the exposure of crimes, and sustaining actions for malicious prosecution in every case resulting in an acquittal or dismissal "would serve as a deterrent to the enforcement of the criminal law, since the prosecutor would hesitate to set the criminal law in motion if he was rendered liable for damages, unless the prosecution should be successful[.]"  *Hunt v. Lawson*, No. 2007-SC-000438-DG, 2008 Ky. LEXIS 234, at *11-12 (Ky. Oct. 23, 2008) (alteration in original) (internal quotation marks omitted) (quoting *Davis v. Brady*, 291 S.W. 412, 412-13 (Ky. 1927)).  As "the tort of malicious prosecution is one that has not been favored in the law," a plaintiff "must strictly comply with the elements of the tort."  *Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 602 (Ky. App. 2006) (citations omitted).

As noted above, since the Complaint acknowledges that the ED, not COE, initiated the Program Review against Decker, Plaintiff cannot maintain an action for malicious prosecution against COE, as he cannot establish the first element of the claim.

### B.    United States' Motion to Dismiss

The United States also seeks dismissal of Plaintiff's claims under several arguments. (Def. United States' Mot. Dismiss 1, DN 26; Def. United States' Mem. Supp. Mot. Dismiss 1-2, 5-23, DN 26-1 [hereinafter Def. U.S.'s Mem.]).  Each of its arguments is addressed below.

#### 1.    *Standing*

The United States contends that Plaintiff lacks standing to pursue his claims, and the Court therefore lacks subject matter jurisdiction.  (Def. U.S.'s Mem. 19-20).  Plaintiff argues that his American citizenship gives him standing, and that subrogation entitles him to recover at least the value of his house, lost as "a direct consequence of the Defendant's action."  (Pl.'s Resp. Def. U.S.'s Mot. Dismiss 7, DN 30 [hereinafter Pl.'s Resp. Def. U.S.]).

As discussed above, Plaintiff lacks standing to bring the present suit against COE; this deficiency applies equally to his claims against the United States.  Jurisdiction in this Court fails for lack of standing, and Plaintiff's claims against the United States will be dismissed.

#### 2.    *Failure to Timely File Administrative Claim*

The United States also argues that Plaintiff's administrative claim before the Department of Education was not timely filed under the FTCA, such that his claims are now time-barred. (Def. U.S.'s Mem. 2-3, 7-10; Pl.'s Admin. Claim, DN 26-2 to 26-3).

"'The United States, as sovereign, is immune from suit save as it consents to be sued . . . .'  This principle extends to agencies of the United States, as well, which are immune absent a showing of a waiver of sovereign immunity."  *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (internal citation omitted) (citing *United States v. Testan*, 424 U.S. 392 (1976)).  The FTCA is the exclusive remedy for suits against the United States or its agencies

sounding in tort.[2] 28 U.S.C. § 2679(a). The FTCA "waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances." *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995) (internal quotation marks omitted) (citation omitted).

The FTCA provides:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The time limits of Section 2401(b) govern litigation against the government under the FTCA. *United States v. Wong*, 135 S. Ct. 1625, 1633 (2015). In actions based on negligence, the Supreme Court has held that federal law controls as to when a claim accrues under the FTCA. *United States v. Kubrick*, 444 U.S. 111, 123 (1979). The *Kubrick* court held that negligence claims accrue within the meaning of Section 2401(b) when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may amount to negligence. *Id.* at 121-23.

Plaintiff filed his administrative claim on February 10, 2016, more than ten years after (1) the COE sent a letter to the ED regarding Decker's accreditation, (2) Decker ceased offering classes, and (3) Decker went into bankruptcy. (Pl.'s Admin. Claim 1, DN 26-2; Am. Compl. Ex. A, at 4, DN 5-5). The United States further notes that Plaintiff's administrative claim relied on documents dated in 2007, and that the case *sub judice* rests on documents dated in 2012. (Def. U.S.'s Mem. 9-10). Plaintiff does not appear to contest these facts, but instead argues that

---

[2] The United States notes that Plaintiff's administrative claim accused ED employees of "negligence, and lies[,]" but did not allege the torts of malicious prosecution or abuse of process. (Def. U.S.'s Mem. 2; Pl.'s Admin. Claim 1, DN 26-2).

equitable tolling should be enforced under *Wong*,[3] because COE's incorrect determination

regarding Decker's accreditation was not "exposed" by the ED until 2014.[4] (Pl.'s Resp. Def.

U.S. 5-6). The United States responds that Plaintiff's theory regarding Decker's proper

accreditation status is not equivalent to Plaintiff's own legal rights, is unsupported by evidence

beyond Plaintiff's claims, and is undermined by the fact that documents attached to his

administrative claim "demonstrate that others had concluded that COE was wrong about Decker

College's accreditation long before 2014."[5] (Def. U.S.'s Reply 3-4).

Equitable tolling allows a federal court "to toll a statute of limitations when a litigant's

failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that

litigant's control." *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (internal

---

[3] "Section 2401(b) is not a jurisdictional requirement. The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds." *Wong*, 135 S. Ct. at 1633.

[4] Plaintiff contends that Decker was "destroyed" as part of a "personal vendetta against Decker's CEO" held by a Federal Student Aid office case team director involved in the ED's Program Review of Decker. (Am. Compl. ¶¶ 1, 5, 28-30). His equitable tolling argument is grounded in his position that the United States is "active in its fraudulent concealment of its ongoing role" in Decker's closure. (Pl.'s Resp. Def. U.S. 5). He further alleges that the ED's lawyer, Steve Finley ("Finley"), "came clean" about the falsity of Decker's accreditation status with COE in "late 2014." (Pl.'s Resp. Def. U.S. 5-6). The United States noted that it is "not aware" of any such filing by Finley apart from an administrative brief filed by him in April 2015, which it contends "does not support a foundation for equitable tolling in this case." (Def.'s Reply Supp. Mot. Dismiss 3 n.2, DN 32 [hereinafter Def. U.S.'s Reply]; Finley Admin. Br., Def. U.S.'s Reply Supp. Mot. Dismiss Ex. B, DN 32-2).

[5] Specifically, the United States points to "a legal brief from 2007 claim[ing] that COE misstated facts and offered the conclusion that there was then 'not a single scrap of documentary evidence that supports COE's post hoc letters that the Programs in issue . . . were not duly and fully accredited by COE in June 2004.'" (Def. U.S.'s Reply 4 (quoting Pl.'s Admin. Claim 41, DN 26-3)). Further, the findings of the bankruptcy court, issued in July 2012, included the Decker Trustee's allegation that COE had "intentionally or negligently made 'factually erroneous statements' to the [ED] that [COE] 'had not approved three Decker College degree programs" and the conclusion that the statements by COE to the ED regarding Decker's non-accreditation "were false insofar as they asserted that [Decker] had not been approved to offer the Programs through distance education." (Am. Compl. Ex. B, at 2, 18-19, DN 5-6). The government contends that "[t]his evidence defies Plaintiff's claim that he was reliant upon a brief from a government attorney [in 2014] to discover his cause of action and certainly does not support any contention that information was concealed." (Def. U.S.'s Reply 4).

quotation marks omitted) (citation omitted). To determine whether equitable tolling is available to a plaintiff, a court considers five factors:

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing [his] rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id.* at 719 (citation omitted). These factors are not exhaustive, and not all are relevant in each case; rather, the Court considers equitable tolling on a "case-by-case basis." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2012) (citation omitted). "While 'equitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect.'" *Jackson*, 751 F.3d at 718-19 (quoting *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004)); *see also Ayers v. United States*, 277 F.3d 821, 829 (6th Cir. 2002) (holding equitable tolling not available where "diligent research" would have resolved the plaintiff's mistake). The plaintiff carries the burden of establishing his entitlement to equitable tolling. *Jackson*, 751 F.3d at 718-19.

The Court agrees with the United States that Plaintiff has failed to meet his burden to obtain equitable tolling. A federal bankruptcy judge concluded in July 2012 that COE had made false statements regarding Decker's accreditation status, and the Decker Trustee argued the same position in those proceedings that Plaintiff now uses to ground his own lawsuit. (Am. Compl. Ex. B, at 2, 18-19). Diligent research would have uncovered this decision in a timely manner, especially given Plaintiff's relationship to Decker and interest in its bankruptcy proceedings. Thus, Plaintiff's claims accrued in July 2014 at the latest; Plaintiff's administrative claim in February 2016 was therefore filed outside of time. Plaintiff has not alleged any lack of knowledge of the filing requirement, and his diligence pursuing his rights has been disproven.

The Court therefore finds Plaintiff has failed to meet the requirements for suit under the FTCA, and his claims will be dismissed.

### 3.    *Sovereign Immunity*

The United States next contends that Plaintiff's claims of abuse of process and malicious prosecution are barred because those claims "fall squarely within the FTCA's express exceptions[,]" meaning the United States enjoys sovereign immunity.  (Def. U.S.'s Mem. 10-15).

By its own terms, the FTCA does not waive sovereign immunity for "(a)ny claim arising out of . . . false imprisonment, false arrest, malicious prosecution (or) abuse of process . . . ."  28 U.S.C. § 2680(h).  Exempted from this exception are the "acts or omissions" of a specific class of investigative or law enforcement officer "who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  *Id.*  Plaintiff contends that his claim falls within this exemption.  (Pl.'s Resp. Def. U.S. 6; Am. Compl. ¶ 38).[6]  If the United States challenges jurisdiction, a plaintiff asserting the FTCA claim bears the burden of demonstrating that subject matter jurisdiction exists.  *See Sharp v. United States*, 401 F.3d 440, 443 n.1 (6th Cir. 2005).

The United States has provided the Court with the declaration of Ron Bennett ("Bennett"), Director of the School Eligibility Service Group within the Program Compliance Office in Federal Student Aid for the ED.  (Bennett Decl., DN 26-5).  Bennett's declaration includes a description of the responsibilities of the relevant division of the ED, and that its employees have the "authority to request and obtain access to information or reports from institutions to conduct audits, investigations, program reviews, or other reviews related to the

---

[6] The Amended Complaint includes the assertion that the relevant ED employees involved in Decker's Program Review "are empowered by law to execute searches and seize evidence of Decker's facilities and records and therefore . . . Plaintiff's claims for abuse of process and malicious prosecution are permitted under 28 U.S. Code § 2680(h)."  (Am. Compl. ¶ 38).

administration of" the federal financial aid programs.  (Bennett Decl. ¶ 7).  This authority is derived from the school's voluntary Program Participation Agreement, not from any power to execute searches, seize evidence, or make arrests, which Bennett affirmatively stated neither of the relevant employees had pursuant to their employment with the ED.  (Bennett Decl. ¶¶ 8-10).

The United States further directed the Court's attention to a handful of similar cases, all of which "rejected Plaintiff's absurd interpretation of [Section] 2680(h)."  (Def. U.S.'s Mem. 11-15 (discussing *Equal Employment Opportunity Comm'n v. First National Bank of Jackson*, 614 F.2d 1004, 1007-08 (5th Cir. 1980) (dismissing the plaintiff's claim, as EEOC employees given access to evidence for examining unlawful employment practices did not meet the plain meaning of Section 2680(h)'s exemption); *DeLong v. United States*, 600 F. Supp. 331, 331-32 (D. Alaska 1984) (dismissing plaintiff's claim where, after analyzing the responsibilities of marine guards, the court concluded that they were not authorized to execute searches, seize evidence, or arrest individuals for violations of federal law); *Saratoga Savings & Loan Ass'n v. Federal Home Loan Bank of San Francisco*, 724 F. Supp. 683, 689 (N.D. Cal. 1989) (dismissing the plaintiffs' claim where the plaintiffs voluntarily agreed by contract to provide or allow access as required by personnel of the Federal Home Loan Bank Board, so exemption did not apply); *Vanderklok v. United States*, 142 F. Supp. 3d 356, 360-63 (E.D. Pa. 2015) (analyzing cases concluding screeners for the Transportation Security Administration do not fall within Section 2680(h)'s exemption, and agreeing))).  The United States argues that the employees named by Plaintiff do not fall within Section 2680(h)'s exemption under the relevant case law, especially because "[t]he limited powers granted . . . [to the ED] employees were those to which Decker College consented by way of its Program Participation Agreement."  (Def. U.S.'s Mem. 15).

Plaintiff responds by directing the Court's attention to *Millbrook v. United States*, 569 U.S. 50 (2013), which he contends applies, as the Court decided "that law enforcement 'employment' duties are not limited to searches, seizures of evidence, or arrests, and as such the petitioner can sue." (Pl.'s Resp. Def. U.S. 6). In fact, *Millbrook* is inapposite, as it dealt with the earlier "acts or omissions" language of Section 2680(h), rather than the class of officer to whom the provision applies. *Id.* at 54-57.

The Court agrees with the United States that the ED employees at issue do not fall within Section 2680(h)'s exemption, as they are not "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law," and any authority they possessed resembling those enumerated functions was expressly derived from the Program Participation Agreement between Decker and the ED. Plaintiff's abuse of process and malicious prosecution claims therefore fall within the FTCA's exceptions, and this Court lacks jurisdiction to hear them.

### 4. *Failure to Exhaust Administrative Remedies*

The government next argues that Plaintiff's claims for abuse of process and malicious prosecution should be dismissed because Plaintiff failed to exhaust his administrative remedies. (Def. U.S.'s Mem. 15-16).

In order to maintain a lawsuit against the United States under the FTCA, a plaintiff must first exhaust administrative remedies. In relevant part, the statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The Sixth Circuit has held that the exhaustion requirement under the FTCA is jurisdictional and a plaintiff's failure to exhaust prior to filing suit requires dismissal for lack of jurisdiction. *Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) (citing *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996) ("exhaustion requirement [of Section 2765(a) is jurisdictional"); *Schaffer by Schaffer v. A.O. Smith Corp.*, No. 93-3764, 1994 U.S. App. LEXIS 26841, at *7-8 (6th Cir. Sept. 21, 1994) ("[Section 2675(a) ] requires that exhaustion must be achieved in advance of the federal tort suit, not merely in conjunction with it." (citation omitted)); *Buchanan v. United States*, 102 F. Supp. 3d 935, 943-44 (W.D. Ky. 2015). Further, the requirements of Section 2675 are met under Sixth Circuit precedent if the claimant gives the agency written notice of his claim sufficient to enable the agency to investigate, and places a value on his claim. *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981) (citations omitted).

The United States argues that, as Plaintiff's administrative claim claimed only "negligence, and lies" as his theories of liability, the government was not placed on notice that he would bring abuse of process or malicious prosecution claims, especially given the legal distinction between claims of negligence and defamation as compared to malicious prosecution and abuse of process. (Def. U.S.'s Mem. 16; Def. U.S.'s Reply 7-9). Plaintiff avers that he did not have to state a specific cause of action in his administrative claim, and that this case relies on the facts and exhibits presented therein. (Pl.'s Resp. Def. U.S. 5 (citing *Rise v. United States*, 630 F.2d 1068 (5th Cir. 1980); *Williams v. United States*, 932 F. Supp. 357 (D.D.C. 1996))).

Under "basis of claim" on Plaintiff's administrative claim form, the whole of Plaintiff's argument was as follows:

> The Department of Education employees, Ralph Lobosco, Dvac Corwin of the
> Kansas City, Missouri office negligence, and lies causing the Department and its

employees to destroy my property Decker College. Recently FSA Attorney Steven Finley offered in defense to the Office of Hearing and Appeals Judge Robert G. Layton that Charles Mula and the staff of OPE Accredition [sic] Division, along with Secretaries Spelling, and Duncan independantly [sic] investigated and determined that Decker College was not properly accredited to offer its Distant Education courses thus all of there [sic] negligence conspired to destroy my property Decker College.

(Pl.'s Admin. Claim 2, DN 26-2). Attached to this form were: (1) slides of a presentation by Goldman, Sachs & Co. from June 7, 2005 to Compass Educational Holdings (presumably included for valuation purposes, as it includes slides of "Private Market Comparables" with the "levered value" of other educational providers, though not Decker) (Pl.'s Admin. Claim 4, 41-42, DN 26-2); and (2) what appears to be a draft of Decker's brief, dated "November ___, 2007", apparently to be filed with the ED relating to Decker's Request for Review of the Final Program Determination issued March 31, 2006 by the Office of Federal Student Aid of the ED. (Pl.'s Admin Claim 2-52, DN 26-3). The brief included a detailed discussion of the facts leading up to and following the COE letter to the ED that Plaintiff now alleges caused the destruction of Decker. (Pl.'s Admin Claim 6-31, DN 26-3).

In *Rise*, the Fifth Circuit specifically required that "a Federal Tort Claims Act suit can be based on particular facts and theories of liability only when those facts and theories can be considered part of the plaintiff's administrative claim." *Rise*, 630 F.2d at 1071. "[I]f the Government's investigation of [a plaintiff's] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim." *Id.* The Court agrees with the United States that Plaintiff's administrative claim as submitted was insufficient to give written notice of his abuse of process and malicious prosecution claims. Plaintiff's factual argument specifically referenced allegations of "negligence, and lies" and the attachments do not reveal theories of liability related to abuse of

process or malicious prosecution. Plaintiff therefore failed to exhaust his administrative remedies as to these claims, and they therefore must be dismissed for lack of jurisdiction.

### 5. *Plaintiff's Malicious Prosecution Claim*

The United States further avers that Plaintiff cannot prove the elements of his malicious prosecution claim. (Def. U.S.'s Mem. 16-18). Plaintiff's only substantive response to this argument was to recite the elements of a malicious prosecution claim and state that he "believes he has more than adequate[ly] alleged the claim of Malicious Prosecution." (Pl.'s Resp. Def. U.S. 4).

As stated above, malicious prosecution under Kentucky law has five elements, which must be strictly complied with, as such actions are generally disfavored:

1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;
2) the defendant acted without probable cause;
3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;
4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and
5) the plaintiff suffered damages as a result of the proceeding.

*Martin*, 507 S.W.3d at 11-12; *Hunt*, 2008 Ky. LEXIS 234, at *11-12 (citation omitted); *Prewitt v. Sexton*, 777 S.W.2d 891, 895 (Ky. 1989); *Davidson*, 202 S.W.3d at 602.

The government argues that none of the actions taken by the ED or its employees meet the first element, as even a successful challenge to the ED's determination that Decker was ineligible for financial aid reimbursement does not provide a foundation for a malicious prosecution claim. (Def. U.S.'s Mem. 17 (citing *McMaster v. Cabinet for Human Res.*, 824 F.2d 518, 521 (6th Cir. 1987) ("The tort of malicious prosecution is based upon conduct by the

defendant that directly results in judicial or quasi-judicial conduct against the plaintiff.")))  In *McMaster*, the Sixth Circuit specifically rejected the plaintiffs' claim, writing:

> Plaintiffs' argument would stand the law of malicious prosecution on its head.  By plaintiffs' reasoning, a successfully challenged wrongful dismissal from a job subject to a collective bargaining agreement, for example, would support not only the standard claims against the employer or union or both, but also a claim for malicious prosecution because the employee invoked internal administrative or judicial proceedings for reinstatement or compensation.  Similarly, every successful defamation case would support a parallel cause of action for malicious prosecution because the plaintiff is also entitled to institute proceedings to redress injury to his reputation.

*McMaster*, 824 F.2d at 521-22.  As the United States reasons, if the Court allowed Plaintiff's action, every successful challenge to a federal agency determination would give rise to a malicious prosecution claim.  (Def. U.S.'s Mem. 18).  The Court agrees, and will dismiss Plaintiff's malicious prosecution claim.

**6.      Failure to Timely Serve Process and to Name Proper Defendant to an FTCA Action**

The government finally argues that Plaintiff did not timely serve any named federal defendant, and failed to name the proper defendant, the United States, in his initial complaint. (Def. U.S.'s Mem. 20-23).  Plaintiff's original complaint was filed on December 20, 2016, his amended complaint was filed on April 27, 2017, both naming the ED as a defendant, and the United States notes that, to its knowledge, "Plaintiff did not attempt service of any complaint until July 2017."  (Def. U.S.'s Mem. 20; Compl. 1; Am. Compl. 1).  Plaintiff does not dispute these facts, but contends that "[s]ubstance should control form, even in procedure[,]" given that the "first amended complaint" served upon the United States "was almost exactly identical to the original complaint and should be properly viewed as the original complaint, even though it bore a different title."  (Pl's Resp. Def. U.S. 7-8).  Plaintiff argues in favor of "hapless claimant" status, that the government's argument is ineffective in light of *Wong*, and that "due to the

extraordinary behavior of the Government[,] equitable tolling of 28 U.S.C. [§] 2401(b) is applicable . . . ." (Pl's Resp. Def. U.S. 7-8).

Fed. R. Civ. P. 4(m) requires that service be made upon a defendant within 90 days after the complaint is filed with the Court. The filing of an amended complaint does not begin a new 90-day period for the purpose of service of a summons and complaint. *See Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants." (citation omitted)). In the absence of a showing of good cause—for which the burden of proof rests upon the plaintiff—failure to timely serve a defendant mandates dismissal. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (citations omitted).

"The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)). The Sixth Circuit has held that the "[f]ailure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction[,]" and naming a federal agency in lieu of the United States does not cure this error. *Id.* (citations omitted).

The Court finds that Plaintiff's argument regarding substance controlling form lacks just that—substance. Plaintiff has offered no evidence supporting his claim for equitable tolling, and has therefore failed to meet his burden to establish good cause to extend the required service period. Furthermore, Plaintiff's attorneys filed both his original and amended complaints which failed to properly name the United States as a defendant and were not timely served, rendering his "hapless claimant" argument inapplicable. The Court, for all of the reasons discussed above, will thus dismiss Plaintiff's claims against the United States.

## IV.    CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendants' Motions

to Dismiss (DN 13, 26) are **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH**

**PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**

April 17, 2018

cc:    counsel of record
       Jeffrey Woodcox, *pro se*